State v. Medley

---

STATE OF NORTH CAROLINA v. JOE FLOYD MEDLEY AND RUDOLPH McCURDY

No. 7520SC301

(Filed 18 June 1975)

Robbery § 4— armed robbery of store proprietor — sufficiency of evidence
  Evidence was sufficient to withstand defendants' motions for nonsuit in a prosecution for armed robbery where it tended to show that one defendant held a sawed-off shotgun on a store proprietor while the other defendant went behind the counter, and the proprietor discovered that all of his money was gone after defendants left his store.

APPEAL by defendants from *McConnell, Judge.* Judgments entered 21 January 1975 in Superior Court, UNION County. Heard in the Court of Appeals 12 June 1975.

By indictment proper in form, defendants were charged with the armed robbery of S. H. Lowery on 27 September 1974. Defendants pleaded not guilty, a jury found them guilty as charged, and from judgments imposing prison sentence of not less than 25 nor more than 30 years on each defendant, they appealed.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*William H. Helms for defendant appellants.*

BRITT, Judge.

Defendant Medley assigns as error the failure of the trial court to grant his motions for nonsuit. The assignment is without merit.

Evidence presented by the State tended to show: On the day in question, Lowery was operating a store at Olive Branch in Union County. Around 5:00 p.m. three young black males, including defendants, entered the store. After staying in there some two or three minutes and making a small purchase, the three men left. Approximately one hour later, while Lowery was alone in his place of business, the two defendants returned. Defendant McCurdy pulled a sawed-off shotgun from under his jacket, pointed it at Lowery and said: "This is a stick up. We want your money; open your cash register." Lowery opened the cash register after which defendant McCurdy ordered him to "[t]urn around"; McCurdy then stuck the gun to Lowery's ribs and told him to go to the back of the store and stay there until he heard a car leave. While defendant McCurdy was holding the gun on him, Lowery saw defendant Medley go behind the counter. After defendants left, Lowery determined that all of his money—between $800 and $850 in cash and between $400 and $450 in checks—was gone. Before it was taken, part of the money was in a tackle box and the balance was in the cash register.

Defendants offered evidence tending to show that they were not in Union County at any time on 27 September 1974.

We hold that the evidence was sufficient to survive the motions for nonsuit.

By their other assignments of error, defendants contend the court expressed an opinion on the evidence in violation of G.S. 1-180, and that it erred in its instructions to the jury. It suffices to say that we have carefully reviewed the record with respect to these assignments but find them too be without merit.

We hold that defendants received a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.